# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PORCH.COM, INC.,<br><br>　　　　Defendant. | Civil Action No. 3:26-cv-00293-RDM |

### DEFENDANT PORCH.COM'S
### BRIEF IN SUPPORT OF MOTION TO DISMISS

## I.  INTRODUCTION

Plaintiff, a serial Telephone Consumer Protection Act of 1991 ("TCPA")

litigant[1, 2], has set his sights on a new target: Porch.com. In his latest quest for

---

[1] "A court may take judicial notice of facts that are not subject to reasonable dispute because they are either generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) (internal quotations omitted).

"Prior to May 2025, Friel had filed at least four (4) putative class actions in this federal district court alleging violations of the TCPA. *See Friel v. North Star Ins. Advs., LLC*. No. 3:24cv481; *Friel v. Line 5, LLC*, No. 3:24cv1866; *Friel v. Selectquote Ins. Servs., Inc.*, No. 3:25cv153; *Friel v. Gabriel A. Levy, P.C.,* No. 3:25cv502." *Friel v. ETN Am. Inc.*, No. 3:25CV882, 2026 WL 146672, at *2 fn. 1 (M.D. Pa. Jan. 20, 2026).

[2] Pursuant to Local Rule 7.8(a), copies of any unpublished opinions which have been cited herewith are attached hereto in alphabetical order as Exhibit 1.

monetary damages for alleged invasions of his privacy, Plaintiff asserts that Porch.com was "responsible" for five calls in May 2025 that violated the TCPA. However, Plaintiff's rote complaint is rife with legal conclusions and sparse on facts. The bare-bones averments contained in the Complaint fail to allege that Porch.com made the calls at issue and that Plaintiff personally registered his phone number on the Do Not Call List. Consequently, the Complaint fails to state a claim against Porch.com and should be dismissed with prejudice.

## II.    PROCEDURAL HISTORY

On February 6, 2026, Plaintiff Joseph Friel filed the instant Complaint. ECF No. 1. Porch.com now timely files this motion to dismiss.

## III.    STATEMENT OF FACTS

The allegations as to Defendant Porch.com are sparse. Plaintiff alleges that his telephone number has been listed on the National Do Not Call Registry since 2011. *Id.* at ¶ 22. Despite this, and despite never being a customer of Porch.com, Plaintiff avers he received at least five telemarketing calls from Porch.com in May 2025. *Id.* ¶¶ 23-24.

Each of the calls began with a pre-recorded message, which Plaintiff claims all started with the same "pre-recorded voices, possibly using an Artificial Intelligence (AI) robot or Mechanical Turk, and began asking recorded questions

2

about home improvements and windows." *Id.* ¶¶ 25-26. Plaintiff was then transferred to a human. *Id.* ¶ 27.

While Plaintiff states that he would normally hang up on these calls, on May 13, 2025, he engaged with the call. *Id.* ¶¶ 28-29. Consequently, he avers he received text messages that then linked to the website of ETN America, Inc. ("ETN America"). *Id.*¶¶ 30-32. Plaintiff avers that ETN America is Porch.com's customer and that ETN America identified Porch.com as being "responsible" for the aforementioned calls. *Id.* ¶¶ 31-33.

This behavior allegedly invaded Plaintiff's privacy, and he accordingly brought the instant class action lawsuit. *Id.* ¶¶ 34-51. As Count 1, Plaintiff brings a claim for statutory violations of the TCPA, 47 U.S.C. § 227(b), on behalf of himself and the "Robocall Class." *Id.* ¶ 53. Plaintiff avers that Porch.com "violated the TCPA by sending or causing to be sent calls . . . using pre-recorded messages without their prior express written consent." *Id.* As to Count 2, Plaintiff brings a claim for violation of the TCPA, 47 U.S.C. § 227(c)(5), and its implementing regulation, 47 C.F.R. § 64.1200(c), on behalf of himself and the "National Do Not Call Registry Class." *Id.* ¶ 58. In support of Count 2, Plaintiff avers that "[t]he foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA . . . by making telemarketing calls, except for

3

emergency purposes, to Plaintiff and members of the National Do Not Call

Registry Class despite their numbers being on the National Do Not Call Registry."

*Id.* Plaintiff requests both injunctive relief and monetary damages.

## IV.   STATEMENT OF QUESTIONS INVOLVED

Question 1: Does Plaintiff fail to state a claim under Count 1 or 2, because

he fails to allege that Porch.com was responsible – either directly or via an agency

relationship – for the calls at issue?

Suggested Answer 1: Yes.

Question 2: Does Plaintiff fail to state a claim under Count 2, because he

fails to allege that he personally registered his phone number on the National Do

Not Call list?

Suggested Answer 2: Yes.

## V.   LEGAL STANDARD

A defendant may seek dismissal for failure to state a claim upon which relief

may be granted. Fed. R. Civ. P. 12(b)(6). The court must limit its consideration to

matters intrinsic to the complaint when assessing the sufficiency of a complaint,

and accept as true all of the well-pled factual allegations therein and draw all

inferences therefrom in the plaintiff's favor. *See In re Burlington Coat Factory*

*Securities Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Jordan v. Fox, Rothschild,*

*O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). At the same time,

4

4930-2079-0684, v. 2

however, the court is not required to credit the plaintiff's bald assertions or legal conclusions and need not assume that plaintiff can prove facts that are not alleged. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2010).

Ultimately, the court must ascertain whether the plaintiff has alleged sufficient facts to establish a claim for relief that is plausible on its face such that it allows a court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011). This requires more than mere labels, conclusions, and a formulaic recitation of the facts, and the factual allegations must be such that raise a right to relief beyond the speculative level and create more than a sheer possibility that the defendant acted unlawfully. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Burtch*, 662 F.3d at 221. As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must, in the end, "show [an entitlement to relief] with its facts." *See Fowler*, 578 F.3d at 210-11.

## VI.   <u>ARGUMENT</u>

The TCPA was "passed in response to 'a torrent of vociferous consumer complaints about intrusive robocalls.'" *Perrong v. Bradford*, 157 F.4th 251, 257 (3d Cir. 2025) (quoting *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610,

5

614 (2020) (plurality opinion)). The TCPA includes a broad restriction on robocalls, prohibiting "any person" from "mak[ing] any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A); *Perrong*, 157 F.4th at 258. "The TCPA also prohibits calls to any subscriber on the do-not-call database." *Shelton v. Fast Advance Funding, LLC*, 805 F. App'x 156, 157 (3d Cir. 2020) (citing 47 U.S.C. § 227(c)(3)(F)). It includes a private cause of action for violations of the statute. 47 U.S.C. § 27(b)(3).

To state a claim under TCPA § 227(b), Plaintiff's Count 1 regarding the alleged robocalls, Plaintiff must allege: "(1) the defendant called a cellular telephone number; (2) using an [ATDS or prerecorded or artificial voice]; (3) without the recipient's prior express consent." *Smith v. Direct Building Supplies, LLC.*, No. CV 20-3583, 2021 WL 4623275, at *2 (E.D. Pa. Oct. 7, 2021). To state a claim under TCPA § 227(c)(5), Plaintiff's Count 2 regarding the Do Not Call list, "Plaintiff must plead that he (1) receive[d] multiple calls within twelve months; (2) by or on behalf of the same entity; (3) on a residential phone registered on the Do Not Call ('DNC') List." *Fridline v. Int. Media, Inc.*, No. 24-CV-01770, 2025 WL 1162492, at *2 (M.D. Pa. Apr. 21, 2025) (internal quotations removed).

## A. Plaintiff has failed to plead facts establishing that Porch.com initiated the calls at issue.

In order to state a claim under the TCPA, it is axiomatic that a plaintiff must plead that the defendant at issue made the alleged calls. Both causes of action

6

require Plaintiff to "plead facts supporting 'the defendant actually, physically initiated the telephone call at issue,'" *Shoemaker v. Zeitlin*, No. 1:21-CV-1668, 2023 WL 3826460, at *9 (M.D. Pa. June 5, 2023) (quoting *Aaronson v. CHW Group, Inc.*, Civ. A. No. 18-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019)). In the instant case, however, Plaintiff has not pleaded facts establishing that Porch.com was directly responsible for the calls or that it was responsible for the calls pursuant to an agency theory. Accordingly, Plaintiff has failed to state any claim against Porch.com, and his entire Complaint should be dismissed with prejudice.

### 1.    Plaintiff has failed to allege that Porch.com directly initiated the calls at issue.

"[A]t the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls to plaintiff's cellular phone." *Direct Building Supplies*, 2021 WL 4623275, at *3 (quoting *Scruggs v. CHW Grp., Inc.*, Civ. A. No. 20-48, 2020 WL 9348208, at *10 (E.D. Va. Nov. 12, 2020)); *see also Vision Solar I*, 2020 WL 5632653, at *3 (quoting *Aaronson* 2019 WL 8953349, at *2) ("[W]ithout any facts to explain why plaintiff believes the identified phone number is owned by defendant, . . . plaintiff has failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations do not show plausibly that defendant actually,

7

4930-2079-0684, v. 2

physically initiated the telephone calls at issue."). Without such appropriate factual identification, a plaintiff fails to state a claim against that defendant.

Here, Plaintiff's allegations as to Porch.com's direct involvement in the calls is sparse. Plaintiff alleges that ETN America made the calls and that that ETN America then informed him that Porch.com was "responsible" for the calls. ECF 1 ¶ 32. No other allegations in the Complaint link Porch.com to the conduct at issue. Simply put, this is insufficient to appropriately allege that it was Porch.com who violated the TCPA.

Examining cases where courts have found allegations sufficient to establish a defendant's connection to the violative conduct highlights the deficiencies in Plaintiff's Complaint. For example, in *Fridline*, 2025 WL 1162492, at *2, the plaintiff made multiple specific averments connecting the defendant to the TCPA violations at issue, such as:

> [t]hat "[e]ach of these text messages contained cryptic, nonsensical text, designed to evade carrier and phone-level spam detection algorithms, and a link." "The text messages led to internet properties either owned by Interest Media or an affiliate offer promoted on Interest Media's platform." [and] "These messages were part of an affiliate marketing strategy used to 'solicit the purchase of various property, goods, and services offered by advertisers who paid Interest Media to drive traffic to their websites.'"

These allegations were sufficient to survive a motion to dismiss where the defendant argued that plaintiff did not appropriately aver the defendant made the calls at issue. By comparison, Plaintiff's averments in the instant case linking

8

Porch.com to the calls at issue are sparse and conclusory. *See also Weingrad v. Exact Care* Pharmacy, LLC, No. CV 25-1843, 2025 WL 3563173, at \*3 (E.D. Pa. Dec. 12, 2025) (denying motion to dismiss where "The Amended Complaint alleges that Exact Care hired Conversion Finder and Jordan Soblick 'to orchestrate an *en masse* telemarketing campaign that incentivized them to work up interested customer prescription deals that met Exact Care's criteria . . . .'"); *Direct Building Supplies*, 2021 WL 4623275, at \*3 (holding that Plaintiff did <u>not</u> adequately allege a TCPA claim where the complaint "merely states that 'Defendant contacted Plaintiff on Plaintiff's cellular telephone . . . in an attempt to solicit Plaintiff to purchase Defendant's services,' 'Defendant [ ] called Plaintiff,' and that 'Defendant placed multiple calls soliciting its business to Plaintiff.'"); *Scruggs v. CHW Grp., Inc.*, No. 2:20CV48, 2020 WL 9348208, at \*10 (E.D. Va. Nov. 12, 2020) ("The sole factual allegation linking [Defendant] to the calls is that the caller identified himself as 'associated with [Defendant]'" which is "insufficient under the *Iqbal* pleading standards").

Additionally, Plaintiff's allegations are conclusory and insufficient to survive a motion to dismiss. Plaintiff's assertion that Porch.com was "responsible" for the calls is a legal conclusion masquerading as a factual allegation, and this Court must disregard it. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

9

4930-2079-0684, v. 2

conclusions."). Whether a defendant is "responsible" for conduct alleged in a complaint is exactly the kind of legal conclusion that *Iqbal* and *Twombly* instruct courts to set aside when evaluating the sufficiency of a pleading. Stripped of that conclusion, the Complaint is left with nothing more than the fact that text messages linked to the website of ETN America. That allegation, standing alone, does not plausibly connect Porch.com to the calls. It suggests only that ETN America – not Porch.com – was the sender.

Accordingly, Plaintiff has failed to state a claim against Porch.com, as he has not alleged that Porch.com initiated the calls at issue, and his Complaint should be dismissed with prejudice.

### 2. Plaintiff has failed to allege that Porch.com initiated the calls at issue by virtue of an agency relationship.

Alternatively, Plaintiff has also failed to allege that Porch.com made the violative calls under either actual or vicarious agency theories. Conclusory allegations that a defendant was "responsible" for calls placed by a third party, without more, do not suffice. As set forth below, Plaintiff has failed to plead facts supporting any of these theories, and his Complaint therefore fails to state a claim against Porch.com under any theory of agency liability.

The TCPA incorporates direct and vicarious liability theories. *Shoemaker*, 2023 WL 3826460, at *10 fn. 8 ("The consensus among federal courts is the TCPA incorporates the full range of vicarious-liability theories grounded in federal

common-law agency principles."). The "relationship between the parties is paramount in determining whether there can be vicarious liability." *Klein v. Com. Energy, Inc.*, 256 F. Supp. 3d 563, 585 (W.D. Pa. 2017). "At the pleadings stage, plaintiff 'must allege some facts regarding the relationship between an alleged principal and agent' that show defendant had the right to control the party making the calls; plaintiff 'cannot simply allege general control in a vacuum.'" *Perrong v. Aspen Dental Mgmt., Inc.*, No. CV 22-1234, 2022 WL 23026978, at *4 (E.D. Pa. Nov. 1, 2022) (quoting *Aaronson*, 2019 WL 8953349, at *3).

For Plaintiff to establish actual authority, he must plead that the principal (Porch.com) expressly or implicitly gave the agent (ETN America) authority to make the at issue calls. *United States v. Martinez*, 613 F.2d 473, 481 (3d Cir. 1980). "A plaintiff sufficiently pleads actual authority when the allegations establish that the defendant consented to or directed the agent to act on its behalf." *Landy v. Nat. Power Sources, LLC*, No. 3:21-cv-00425, 2021 WL 3634162, at *3 (D.N.J. Aug. 17, 2021).

Apparent authority may be established where an agent reasonably believes that it has authority to act on behalf of the principal, even though an actual agency relationship has not been established. *Perrong*, 2022 WL 23026978, at *5. The FCC has outlined some hallmarks of such a relationship within the context of the TCPA:

11

4930-2079-0684, v. 2

> Apparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote, or reviewed the outside entity's telemarketing scripts.

*In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C.R. 6593 (F.C.C. 2013). In sum, a plaintiff must plead facts "tracing the call to the defendant or their agent." *Shoemaker*, 2023 WL 3826460, at *9.

But absolutely none of the aforementioned specifics necessary to allege any agency relationship are present in Plaintiff's Complaint. In fact, Plaintiff has alleged precisely what the courts say he cannot – that Porch.com has "general control in a vacuum" over ETN America and its calls to Plaintiff. *Perrong*, 2022 WL 23026978, at *4. Again, the allegations linking Porch.com to ETN America's calls are slim. All Plaintiff asserts is that ETN America made the calls and that ETN America stated that Porch.com was "responsible" for the calls. ECF 1 ¶ 32.

Accordingly, Plaintiff has failed to state a claim against Porch.com, as he has not alleged that Porch.com initiated the calls at issue pursuant to an agency theory, and his Complaint should be dismissed with prejudice.

12

### B. Plaintiff has failed to allege that he personally registered his phone number, as necessary under the TCPA.

Alternatively, Plaintiff has failed to state a claim under Count 2, his Do Not Call Registry claim. Pursuant to FCC regulations, "[n]o person or entity shall initiate any telephone solicitation to: . . . A residential telephone subscriber **who has registered his or her telephone number** on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2) (emphasis added). Plaintiff has only alleged that his "telephone number has been listed on the National Do Not Call Registry since 2011." ECF No. 1 ¶ 22. This is insufficient to satisfy the pleading requirements of § 227(c)(5), because Plaintiff alleges nowhere that he personally registered his number on the registry, which is a threshold requirement for bringing a claim under this provision.

The statute and its implementing regulations confer a private right of action only on a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations." 47 U.S.C. § 227(c)(5). Critically, the right to bring suit belongs to the subscriber who registered the number, not simply anyone who happens to receive calls on a number that appears on the registry. Courts have held that merely alleging a number appears on the registry, without specifying who registered it, is insufficient to state a claim. *See Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-

13

15-CJW-MAR, 2022 WL 2713278, at *2-3 (N.D. Iowa June 9, 2022) (dismissing DNC claim where plaintiff failed to allege personal registration). This is because the protections of § 227(c) are personal to the registrant. They exist to vindicate the individual subscriber's decision to opt out of telephone solicitations, not to confer a cause of action on any incidental recipient of calls to a registered number.

Here, Plaintiff alleges only that his number "has been listed" on the registry since 2011, a passive construction that conspicuously avoids any allegation that he was the one who registered it. ECF No. 1 ¶ 22. He does not allege that he is the subscriber of record, that he personally placed the number on the registry, or that he has any entitlement to enforce the registry's protections with respect to that number. Without such allegations, Plaintiff has failed to plausibly establish that he falls within the class of persons the statute protects.

Accordingly, Plaintiff has failed to state a claim against Porch.com as he has not alleged that that he personally registered his number on the Do Not Call List, and Count 2 should be dismissed with prejudice.

## VII.  CONCLUSION

For all the foregoing reasons, it is respectfully requested that all of Plaintiff's claims for TCPA violations be dismissed for failure to state a claim upon which relief can be granted.

14

4930-2079-0684, v. 2

15

Dated: April 13, 2026        Respectfully submitted,

HOUSTON HARBAUGH, P.C.

By: _/s/Sarah M. Czypinski_
    Sarah M. Czypinski
    PA I.D. 321029
    czypinskism@hh-law.com
    401 Liberty Avenue, 22nd Floor
    Three Gateway Center
    Pittsburgh, PA  15222

*Counsel for Defendant, Porch.com, Inc.*

15

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief in Support of Motion to Dismiss was served on all counsel of record on April 13, 2026, via the Court's Case Management/Electronic Case Filing system.

By: */s/Sarah M. Czypinski*
Sarah M. Czypinski, Esquire